IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-50081

Summary Calendar
_____


ELWOOD CLUCK,

                                        Debtor,

ELWOOD CLUCK, KRISTINE A.
CLUCK AND FIRST CAPITAL MORTGAGE CO., INC.,

                                        Appellants,

                        versus

RANDOLPH N. OSHEROW, TRUSTEE,

                                        Appellee.



_____

Appeal from the United States District Court
for the Western District of Texas
(SA 94 CV 49)
_____

(     July 7, 1995     )


Before GARWOOD, HIGGINBOTHAM, and DAVIS, Circuit Judges.

PER CURIAM:[*]

_____

[*]Local Rule 47.5 provides:  "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the Court has determined that this opinion should not be published.

Elwood Cluck, Kristine Cluck, and First Capital Mortgage Company[1] (collectively Cluck) challenge the bankruptcy court's award of attorney's fees to special counsel McKenzie. We affirm.

First, in several points of error Cluck argues (somewhat redundantly) that the bankruptcy court failed to "independently audit, examine, and make an objective determination of the nature, extent, and value" of the services for which McKenzie claimed compensation; that the bankruptcy court failed "to consider, give appropriate weight to and explain" its attorney's fees award; and that the bankruptcy court failed "to ascertain the nature and extent of the services" McKenzie supplied and "the value of those services," and failed to "briefly explain the findings and reasons upon which the award is based, including an indication of how each of the twelve factors listed in Johnson affected [its] decision."

We disagree. The bankruptcy court carefully considered McKenzie's extensive fee application and its detailed billing record, which reflected McKenzie's time, billing, and expenses. The court also considered Cluck's detailed objections to the fee request. At a hearing on the fees, the court heard argument on the twelve factors listed in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974). The bankruptcy court also heard testimony on the propriety of various elements of the fee application, including, inter alia, alleged double billing; the distinction between trustee services and legal services, and

---

[1] The bankruptcy court found that First Capital Mortgage Company was an alter ego of Elwood and Kristine Cluck.

2

between clerical and legal services; telephone calls; legal research; paralegal support; the expansion of McKenzie's role upon the discovery of additional assets; and the benefit to the estate of McKenzie's services.

After reviewing all of this evidence, the bankruptcy court found the fee application reasonable. The fact that the court sustained one of Cluck's objections, deducting fees for time McKenzie spent on a collateral criminal matter, demonstrates that the bankruptcy court did not merely rubber-stamp the fee application. In short, we are satisfied with the bankruptcy court's independent and objective examination of the nature, extent, and value of McKenzie's claimed compensation, and we reject Cluck's challenge on this ground.

Second, Cluck argues that there was no need for McKenzie to render further legal services after 1991, when Cluck settled a claim by his ex-spouse and when a state court judgment favoring one of his major creditors was reversed. However, we agree with the district court that until the Supreme Court of Texas denied a writ of error in that case on December 8, 1993, that creditor's claim was contingent and unsecured, and the creditor benefited by McKenzie's legal efforts. Specifically, the revocation of discharge that McKenzie secured allowed the creditor to drop its dischargeability complaint. In short, McKenzie's legal services were reasonably necessary even after 1991.

Third, Cluck contends that McKenzie represented the estate even though he held a conflicting interest adverse to the estate,

3

in violation of 11 U.S.C. § 327(a). The only potential conflict of interest Cluck notes, however, is that McKenzie is to be paid out of the estate for his legal services. This alone does not constitute a conflict of interest in violation of Section 327. See, e.g., In re Martin, 817 F.2d 175, 180 (1st Cir. 1987).

Fourth, Cluck argues that because the bankruptcy court originally authorized McKenzie as special counsel for "the special purpose" of recovering certain fraudulently transferred assets, he should not be entitled to compensation for legal services he rendered pursuing either the revocation of Cluck's discharge or the recovery of other fraudulently transferred assets. The bankruptcy court acknowledged that it had never formally expanded McKenzie's role in the litigation, but noted that the parties had all understood that McKenzie had assumed additional duties, and that no harm had been done by the failure to formally authorize that. Because the court correctly found that McKenzie's additional services benefited the estate, we find the bankruptcy court's nunc pro tunc approval appropriate. See, e.g., In re Triangle Chemicals, Inc., 697 F.2d 1280, 1289 (5th Cir. 1983).

Finally, Cluck challenges the factual findings of the bankruptcy court and faults the district court for adopting them. Yet nothing in his appellate brief leaves us with a definite and firm conviction that those factual findings are mistaken. See In re Anderson, 936 F.2d 199, 203 (5th Cir. 1991).

AFFIRMED.